﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 200222-64069
DATE: February 26, 2021

ORDER

Service connection for an eye disorder secondary to service-connected diabetes mellitus, type II is granted.

REMANDED

Entitlement to service connection for residuals of right orchiectomy is remanded.

Entitlement to service connection for a liver disorder is remanded.

FINDING OF FACT

The most probative evidence of record reveals that the Veteran’s eye disability is etiologically related to his service-connected diabetes mellitus, type II.

CONCLUSION OF LAW

The criteria for service connection for an eye disorder secondary to service-connected diabetes mellitus, type II have been met. 38 U.S.C. §§ 1110, 1112, 1113, 1116, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.310.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from January 1969 to December 1970, to include service in the Republic of Vietnam.

The rating decision on appeal was issued in November 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. 

In his February 2020 VA Form 10182, the Veteran elected the Direct Review docket. Thus, the Board may only consider evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301. 

1. Service connection for an eye disorder secondary to service-connected diabetes mellitus, type II

Service connection may be granted for a disability resulting from disease or injury incurred coincident with or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303 (a). To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship (nexus) between the present disability and the disease or injury incurred or aggravated during service. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F. 3d 1163, 1167 (Fed. Cir. 2004)). The absence of any one element will result in denial of service connection. Coburn v. Nicholson, 19 Vet. App. 247, 431 (2006). Service connection may be granted for any disease initially diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d).

In addition, for veterans who have served 90 days or more of active service during a war period or after December 31, 1946, certain chronic disabilities, including other organic diseases of the nervous system (which includes sensorineural hearing loss and tinnitus), are presumed to have been incurred in service if they manifested to a compensable degree within one year of separation from service. 38 U.S.C. §§ 1101, 1112, 1113, 1131, 1137; 38 C.F.R. §§ 3.307, 3.309.

For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time. If chronicity in service is not established, a showing of continuity of symptoms after discharge is required to support the claim. 38 C.F.R. §§ 3.303 (b), 3.309; Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

Secondary service connection may be granted for a disability that is proximately due to, or aggravated by, a service-connected disease or injury. 38 C.F.R. § 3.310. In order to prevail on the issue of entitlement to secondary service connection, there must be (1) evidence of a current disability; (2) evidence of a service-connected disability; and (3) nexus evidence establishing a connection between the service-connected disability and the current disability. See Wallin v. West, 11 Vet. App. 509, 512 (1998).

The Veteran avers that he is beset by disabilities of both eyes, and that the conditions are etiologically related to his diabetes mellitus, type II. The Veteran is service-connected for diabetes, and the record reflects current diagnoses of diabetic retinopathy in both eyes, left eye cataracts, glaucoma, right eye pseudophakia, and right eye retinal detachment. 

A VA examiner with whom the Veteran met in November 2019 opined that it was at least as likely as not that the Veteran’s current eye conditions had been caused by his diabetes, noting that medical literature establishes that type II diabetes constitutes the most prominent cause of vision loss due to cataracts and glaucoma. 

To be clear, the examiner’s opinion theorized service connection for eye disability as directly related to service, given the Veteran’s conceded exposure to tactical herbicides on the basis of his Vietnam service, positing his diagnosed diabetes as an intermediate cause. However, the Veteran was subsequently service connected for diabetes, and the Board reads the November 2019 opinion as, in essence, an endorsement of the Veteran’s theory of secondary service connection. 

The Board accepts the VA examiner’s opinion as the most probative evidence of record on the question of etiology in this case, and accordingly, finds service connection for an eye disorder on a secondary basis warranted in this case. The appeal is granted. 

REASONS FOR REMAND

1. The claims for entitlement to service connection for residuals of right orchiectomy and for a liver disorder are remanded.

The Veteran’s remaining service connection claims must be remanded. The record shows VA examinations were ordered and scheduled for November 2019, but the Veteran did not attend. Subsequent evidence, including credible lay statements, shows that the Veteran was admitted to the ICU at the time of those examinations. The Board thus finds that good cause for absence has been shown, that new examinations should have been scheduled, and that the failure to have done so constitutes a pre-decisional duty to assist error that must be remedied.

On remand, the AOJ should schedule VA examinations in connection with the Veteran’s service connection claims for residuals of right orchiectomy and a liver disorder, and expert medical opinions as to the etiology of those conditions must be obtained. 

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination to explore the presence and etiology of residuals associated with his history of right testicular injury and right orchiectomy. All indicated tests and studies should be conducted and all clinical findings reported in detail. The entire claims file should be made available to and be reviewed by the examiner in conjunction with this request.     

Please identify whether, on an at least as likely as not basis (50 percent or greater probability,) the Veteran has current residuals attributable to his in-service right testicular injury and/or associated right orchiectomy. 

In addressing the above opinion, the examiner should consider the Veteran’s lay statements regarding onset of symptomatology and any continuity of symptomatology since onset and/or since discharge from service. The examiner should also consider any other pertinent evidence of record, as appropriate. All findings should be reported in detail and all opinions must be accompanied by a clear rationale 

2. Schedule the Veteran for a VA examination with to explore the etiology of his liver disorder. All indicated tests and studies should be conducted and all clinical findings reported in detail. The entire claims file should be made available to and be reviewed by the examiner in conjunction with this request.     

Please identify all current liver conditions. For each identified disability, the examiner should state whether it is at least as likely as not (e.g. at least a 50 percent probability or greater) that the condition began in service or is otherwise related to service, to include as a manifestation of exposure to tactical herbicides. The examiner is directed to assume such exposure.

If a direct etiological connection to service is not shown, the examiner should state whether, on an at least as likely as not basis, a current liver condition has been caused or aggravated beyond its normal course of progression by the Veteran’s service-connected diabetes mellitus, type II. 

In addressing the above opinion, the examiner should consider the Veteran’s lay statements regarding onset of symptomatology and any continuity of symptomatology since onset and/or since discharge from service. The examiner should also consider any other pertinent evidence of record, as appropriate. All findings should be reported in detail and all opinions must be accompanied by a clear rationale.

 

 

MARTIN B. PETERS

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Z. Sahraie, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.